# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>            Plaintiff,<br><br>     v.<br><br>A.  AUSTRIA, et al.,<br><br>            Defendants. | Case No.  1:15-cv-01147-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 17) |

     Plaintiff Ricks is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

     On January 4, 2016, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 17.)  Plaintiff's first motion for the appointment of counsel was denied on July 31. 2015 (ECF No. 7.)  In his first motion for appointment of counsel, Plaintiff indicated that he was suffering from a mental disability.  In the motion for the appointment of counsel currently before the Court, Plaintiff restates his claim that he is mentally disabled.  Plaintiff also argues that if this case proceeds to trial, there will likely be conflicting testimony, and counsel would better enable Plaintiff to present evidence.  Plaintiff also recounts his efforts at retaining counsel.

     Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1).  Rand, 113 F.3d at 1525.

     Without a reasonable method of securing and compensating counsel, the Court will seek

1  volunteer counsel only in the most serious and exceptional cases.  In determining whether
2  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
3  on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
4  complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

5  In the present case, the Court has considered Plaintiff's moving papers, but does not find
6  the required exceptional circumstances.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987);
7  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of
8  deliberate indifference to his medical needs, relating to his hernia surgery.  The legal issues
9  present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the
10 complaint filed in this action.  In forma pauperis status alone does not alone entitle Plaintiff to
11 appointed counsel.  That counsel would be more able to litigate this action does not constitute
12 exceptional circumstances.

13 While a pro se litigant may be setter served with the assistance of counsel, so long as a
14 pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the
15 relative complexity of the matter," the "exceptional circumstances" which might require the
16 appointment of counsel do not exist.  Rand, 113 F.3d at 1525 (finding no abuse of discretion
17 under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro
18 se prisoner "may well have fared better – particularly in the realm of discovery and the securing
19 of expert testimony.")  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the
20 appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 8, 2016**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

2