# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. AUSTRIA,<br><br>　　　　　Defendant. | Case No.  1:15-cv-01147-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 25) |

　　　Plaintiff Scott K. Ricks is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On April 27, 2015, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 25.) Plaintiff's previous requests for counsel were denied on July 31, 2015, (ECF No. 7) and January 8, 2016. (ECF No. 18.)     In his first motion for the appointment of counsel, Plaintiff indicated that he was suffering from a mental disability.  In his second motion for the appointment of counsel, Plaintiff re-stated his claim that he suffered from a mental disability, and also argued that if this case proceeds to trial, there will likely be conflicting testimony, and counsel would better enable Plaintiff to present evidence.  In the motion for the appointment of counsel currently before the Court, Plaintiff recounts his efforts at obtaining counsel, and re-states his argument that he could benefit from the appointment of counsel should this case proceed to trial.

　　　Because Plaintiff restates the arguments he previously made, the motion for the appointment of counsel should be denied on the same ground.  Further, Plaintiff is advised that once Defendant has filed an answer, a schedule for litigation will be set, including the deadline for the filing of dispositive motions.  Until such time as this case proceeds beyond the resolution of any dispositive motions, no trial date will be set.  Plaintiff is advised that should this case

1

1 proceed to trial, he is not entitled to the automatic appointment of counsel.  Should a trial date be
2 set in this action, a further schedule for litigation will be set, including the filing of pretrial
3 motions.  That the Court denies Plaintiff's request at this state of litigation does not preclude him
4 from renewing his request once a trial date has been set.

5    Plaintiff is advised that there is no constitutional right to appointed counsel in this action,
6 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any
7 attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States
8 District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain
9 exceptional circumstances the court may request the voluntary assistance of counsel pursuant to
10 section 1915(e)(1).  Rand, 113 F.3d at 1525.

11   Without a reasonable method of securing and compensating counsel, the Court will seek
12 volunteer counsel only in the most serious and exceptional cases.  In determining whether
13 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
14 on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
15 complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

16    In the present case, the Court has considered Plaintiff's moving papers, but does not find
17 the required exceptional circumstances.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987);
18 Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on a claim of
19 deliberate indifference to his medical needs, relating to his hernia surgery.  The legal issues
20 present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the
21 July 24, 2015, complaint filed in this action.  In forma pauperis status alone does not alone entitle
22 Plaintiff to appointed counsel.  For the reasons set forth in the earlier orders denying Plaintiff's
23 motions for the appointment of counsel, the Court finds that exceptional circumstances do not
24 exist.

25    While a pro se litigant may be setter served with the assistance of counsel, so long as a
26 pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the
27 relative complexity of the matter," the "exceptional circumstances" which might require the
28 appointment of counsel do not exist.  Rand, 113 F.3d at 1525 (finding no abuse of discretion

1  under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro
2  se prisoner "may well have fared better – particularly in the realm of discovery and the securing
3  of expert testimony.")  Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the
4  appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 2, 2016**                    /s/ *Barbara A. McAuliffe*        _
                                         UNITED STATES MAGISTRATE JUDGE