# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>            Plaintiff,<br><br>    v.<br><br>A. AUSTRIA, et al.,<br><br>            Defendants. | 1:15-cv-01147-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S FOURTH AND FIFTH MOTIONS REQUESTING THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF Nos. 32, 34) |

Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 24, 2015. On November 30, 2016, District Judge Anthony Ishii ordered this action to be related to Ricks v. Onyeye, et al., 1:15-cv-1148-AWI-BAM, and Ricks v. Levine, et al., 1:15-cv-1150-AWI-BAM. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court are (1) Plaintiff's fourth motion for the appointment of counsel, filed on July 19, 2016 (ECF No. 32), and (2) Plaintiff's fifth motion for the appointment of counsel, filed September 21, 2016 (ECF No. 34). In support of Plaintiff's motions, he states that he is unable to afford counsel; that he has limited access to a law library, legal resources, and writing materials; that he is not computer literate; that he has not been able to obtain counsel on his own; and that he is physically and mentally disabled, including that he is classified as an psychiatric outpatient and as having limited mobility. Plaintiff has also submitted exhibits in support of his contentions.

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's filings are clear and understandable, and he has been able to comply with the Court's orders. Thus, the Court does not find this to be a serious and exceptional case necessitating the appointment of counsel at this time.

Plaintiff's motions discuss a shortage of paper and limited law library access time that causes him concern in complying with the Court's deadlines. He also expresses concerns regarding limitations due to his medical conditions. The Court notes that despite Plaintiff's contentions, he has submitted lengthy, handwritten motions citing various legal authorities. Furthermore, to the extent that Plaintiff requires additional time to comply with any deadline, he may request an extension, supported by good cause and filed before that deadline expires, as explained in this Court's July 29, 2016 discovery and scheduling order.

///

1  In his motion, Plaintiff also requests permission to file exhibits that he contends support his claims, and he has provided a list of the exhibits he wishes to file. Plaintiff is reminded that the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). This request is therefore denied.

Accordingly, it is HEREBY ORDERED that Plaintiff's fourth motion for the appointment of counsel, filed July 19, 2016 (ECF No. 32), and fifth motion for the appointment of counsel, filed September 21, 2016 (ECF No. 34) are DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 5, 2016**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE