1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6
7
8

| | | |
|---|---|---|
| SCOTT K. RICKS, | ) | 1:15-cv-01147-AWI-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | MOTION TO AMEND PLEADINGS, AND |
| v. | ) | MOTION FOR DISPOSITION ON MOTION |
| | ) | FOR COUNSEL |
| A. AUSTRIA, et al., | ) | |
| | ) | (ECF No. 37) |
| Defendants. | ) | |
| | ) | |

9
10
11
12
13
14

Plaintiff Scott K. Ricks ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is related to <u>Ricks v. Onyeye, et al.</u>, 1:15-cv-1148-AWI-BAM, and <u>Ricks v. Levine, et al.</u>, 1:15-cv-1150-AWI-BAM, and currently proceeds on Plaintiff's complaint against Defendant Dr. Austria for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion to amend pleadings and motion for disposition on motion for appointment of counsel, filed December 21, 2016. (ECF No. 37.) The time for Defendant to file any opposition to the motion has passed, and none was filed. The motion is deemed submitted. Local Rule 230(l).

Plaintiff first argues that the Court has found that Defendant Austria violated Plaintiff's Eighth Amendment rights, based on its March 17, 2016 complaint finding service of the complaint appropriate, and he seeks to amend his pleadings only to seek compensatory damages in the amount of $1,000,000, and punitive damages in the same amount. Plaintiff's complaint

1

currently seeks compensatory damages and punitive damages in the amount of $500,000 each. (ECF No. 1, p. 15.)

The Court clarifies for Plaintiff that it has not found Defendant Austria violated his Eighth Amendment rights; it only found that Plaintiff stated such a cognizable claim, and that service of the complaint was appropriate. Regarding Plaintiff's request to amend his complaint only to increase the amount of damages requested, under the relevant considerations, the Court finds that leave should be granted. Plaintiff is granted leave to amend only to increase the amount of damages. Leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), absent bad faith, undue prejudice, or futility, see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52. Here, should this matter proceed to trial, Defendant Austria will have an opportunity to dispute both liability and the amounts and types of damages that Plaintiff claims, and thus there is no prejudice to Defendant in allowing the amended figures. See Cimino v. Glaze, 228 F.R.D. 169, 174 (W.D.N.Y. 2005) ("[C]ourts have held that an amendment increasing the amount of claimed damages should generally be allowed, absent some demonstrable prejudice to the defendant.").

Next, Plaintiff seeks a ruling on his third, fourth, and fifth motions for the appointment of counsel, his motion to file exhibits, and his motion to for a ruling on his motions for counsel. Plaintiff also requests again that he be appointed counsel, on the grounds he is unable to afford counsel and has no funds to support him in this action. Plaintiff further contends and supplies documents showing that he is not receiving all of the paper and writing supplies that he is requesting from prison officials. However, the documentation shows that Plaintiff is receiving some paper and writing supplies.

The Court reminds Plaintiff that his third, fourth, and fifth motions for the appointment counsel were denied, without prejudice, in orders issued on May 2, 2016, (ECF No. 26) (denying third motion for appointment of counsel), and December 6, 2016, (ECF No. 36) (denying fourth and fifth motion), respectively. The Court's December 6, 2016 order also denied Plaintiff's request to file exhibits, stating that the Court cannot serve as a repository for evidence, and such

evidence should not be submitted until the course of litigation brings the evidence into question (such as on a motion for summary judgment, at trial, or when requested by the Court). (Id. at 3.)

Regarding Plaintiff's current request for counsel, the Court has considered the relevant factors, and does not find that the exceptional circumstances exist for the Court to request the voluntary assistance of counsel pursuant to section 1915(e)(1) at this time. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (determining whether exceptional circumstances exists requires the court to consider the likelihood of success on the merits and ability of the pro se litigant to articulate his claims). At the present stage of litigation, the Court cannot find any likelihood of success on the merits, nor does it find upon a review of the record that Plaintiff cannot adequately articulate his claims.

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion to amend his complaint **only** to increase the amount of damages claimed as explained above, filed December 21, 2016 (ECF No. 37), is GRANTED;

2.     Plaintiff shall file his amended complaint within 30 days from the date of service of this order; and

3.     Plaintiff's request for the appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **January 13, 2017**                     /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE