# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K. RICKS,<br><br>        Plaintiff,<br><br>  v.<br><br>A. AUSTRIA,<br><br>        Defendant. | 1:15-cv-01147-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>[ECF Nos. 20, 22]<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Scott K. Ricks is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is related to Ricks v. Onyeye, et al., 1:15-cv-1148-AWI-BAM, and Ricks v. Levine, et al., 1:15-cv-1150-AWI-BAM.

On August 5, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 9.) On July 18, 2016, after being served in this matter, Defendant Austria declined to Magistrate Judge jurisdiction.

On February 24, 2016, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated a cognizable claim against Dr. Austria for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, but no other claims. (ECF No. 20.) Plaintiff was provided an opportunity to amend the complaint, or to notify the Court that he wished to proceed only on the cognizable claims identified in the screening order. (Id. at p. 7.)

Following Plaintiff's written notification that he would not amend his complaint, (ECF No. 21), on March 17, 2017, the Court dismissed all other claims and defendants for the failure

to state a cognizable claim for relief, (ECF No. 22.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c), based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.)

## I. Williams v. King

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Here, no defendant was yet served at the time that the Court screened the complaint, and therefore none had appeared or consented to Magistrate Judge jurisdiction. Because all defendants had not consented, the undersigned's dismissal of the claims and defendants is invalid under Williams. Accordingly, the Court did not have jurisdiction to dismiss the claims and defendants described in its March 17, 2017 order.

Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to a District Judge that the non-cognizable claims be dismissed.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge

unwarranted inferences." <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); <u>Moss v. United States Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

### III. **Allegations**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this action against correctional officials employed by the CDCR at North Kern State Prison, where the events at issue occurred. Plaintiff names as Defendants the following individuals: R. A. Austria; Nurse Practitioner G. Chernekoff; Chief Medical Executive N. Odeluga. Plaintiff also names J. Clark Kelso, the federal receiver for correctional health care services. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

Plaintiff alleges that prior to his transfer to North Kern State Prison, he underwent two hernia surgeries, which were "failed and botched." (Compl. p. 4.) Plaintiff was left with three ruptured ventral hernias when he was transferred to North Kern State Prison on December 19, 2013. On December 20, 2013, Plaintiff submitted a sick call slip, stating that he was in extreme pain and suffering, and requesting surgery for his hernias.

On December 23, 2013, Plaintiff was seen by Defendant Chernekoff. Defendant Chernekoff refused Plaintiff's request to see a surgeon, stating that North Kern State Prison was a reception center, and only emergency surgeries were authorized. Plaintiff said that he was in extreme pain, but Defendant Chernekoff was "ambivalent." (<u>Id</u>. p. 6.)

3

On January 10, 2014, Plaintiff was seen by his assigned primary care physician, Defendant Dr. Austria. Plaintiff alleges that Dr. Austria examined him, and verified that "I did, in fact, have 3, ruptured, ventral hernias." (Id.) Plaintiff alleges, that despite the fact that his abdomen "looks like there is a volleyball sticking out, under the skin, on the left side of my abdomen, and it looks like there are two (2) softballs sticking out, under the skin, on my right side," Dr. Austria refused any diagnostic tests or a referral for surgery.

Plaintiff was seen again by Dr. Austria on February 18, 2014. Dr. Austria refused to examine Plaintiff or refer him to a surgeon.

Plaintiff filed another medical request on March 1, 2014. Plaintiff was then seen by Dr. Austria on April 1, 2014. Dr. Austria again refused to examine Plaintiff or refer him to a surgeon, despite Plaintiff's complaint of severe pain. Dr. Austria similarly refused to examine Plaintiff or refer him to surgery on April 29, 2014.

On May 26, 2014, Plaintiff wrote to Defendant J. Clark Kelso regarding the lack of treatment for his hernias.

On May 29, 2014, Plaintiff was transferred to Pleasant Valley State Prison. Plaintiff alleges that on July 26, 2014, he was examined by a surgeon, who determined that Plaintiff needed urgent surgery. He recommended "major repair." The surgeon, Dr. Monfore, opined that "they (CDCR) really f***ed you up, didn't they?' (Id. p. 9.)

Plaintiff was seen by Dr. Michael at San Joaquin Community Hospital on September 23, 2014. Dr. Michael determined that Plaintiff needed surgery immediately, but would have to be referred to U.S.C. Medical Center in Los Angeles for a "component separation repair." (Id. p. 10.)

**IV. Discussion**

**A. Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate

4

indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

**Defendant Austria**

Liberally construed, Plaintiff has alleged facts indicating that Dr. Austria knew of a serious medical condition of Plaintiff's, and refused to examine Plaintiff or otherwise treat him. Plaintiff also alleges that Dr. Austria engaged in conduct that delayed treatment for Plaintiff's obvious hernias.

///

Mere delay does not constitute deliberate indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985). A plaintiff must show the delay caused him serious harm. Plaintiff is not, however, required to show substantial harm. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WNX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). Here, Plaintiff has alleged that the delay in his medical care caused him to suffer severe and excruciating pain. Based on the foregoing, Plaintiff has therefore stated a claim for relief as to Defendant Austria.

**Defendant Chernekoff**

Plaintiff alleges that Nurse Practitioner Chernekoff refused his demand for immediate surgery, and told him that only emergency surgeries were authorized. Plaintiff further alleges that Defendant Chernekoff seemed "ambivalent." This is not sufficient to show that Defendant Chernekoff was aware of a serious medical need, but was deliberately indifferent to that need. Plaintiff's allegation that Chernekoff seemed ambivalent, with nothing more, fails to state a claim for relief.

**Defendant Kelso**

Plaintiff alleges that because he sent a letter to Defendant Kelso, the receiver, about his medical condition. Plaintiff fails to provide any factual allegations that Defendant Kelso personally deprived him of his constitutional rights, through actions or omissions.

Moreover, even if plaintiff could allege a plausible civil rights claim, Defendant Kelso would be immune from suit. Defendant Kelso was appointed to be the receiver for CDCR's health care system. See Plata v. Schwarzenegger, et al., C01-1351-TEH (N.D. Cal. Jan. 23, 2008) (class action constitutional challenge to the adequacy of medical care provided throughout the California state prison system). Judge Henderson ordered that: "The Receiver and his staff shall have the status of officers and agents of this Court and as such shall be vested with the same immunities as vest with this Court." Id. at 5. Those judicial immunities extend to immunity from suit. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction...."). This "quasi-judicial immunity" shields

Defendant Kelso from suit for all actions taken in his capacity as Receiver. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002).

Thus, to the extent that Plaintiff seeks to sue Defendant Kelso in his capacity as receiver for acts or omissions relating to Plaintiff's medical needs, Defendant Kelso is immune. See Haller v. Hartley, 2013 WL 322321 (E.D. Cal. Jan. 28, 2013) ("[T]he Court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him."). Accordingly, Plaintiff's claims against Defendant Kelso should be dismissed without leave to amend. See, e.g., Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1387 n.6 (9th Cir. 1987).

**Defendant Odeluga**

Plaintiff alleges that Chief Medical Executive Odeluga denied his health care appeal with a decision that was over three months overdue, and that was in violation of law because Plaintiff never received and interview or doctor's visit related to the appeal. (Compl. at 10.

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495. Plaintiff therefore fails to state a claim against Defendant Odeluga to the extent that he is alleging improprieties in the grievance procedures.

Further, even when the Defendant is a medical professional, review of an administrative appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff. Here, Plaintiff does not allege what information was conveyed in the appeal reviewed by Defendant Odeluga or other facts showing that Defendant Odeluga was aware of a serious medical need but was deliberately indifferent to that need. Therefore, Plaintiff has failed to state a claim against Defendant Odeluga.

///

## V. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim against Dr. Austria for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. However, Plaintiff failed to state any other cognizable claim.

As noted above, Plaintiff was provided an opportunity to attempt to amend his complaint to cure the identified deficiencies. Plaintiff declined to do so and notified the Court in writing that he only wished to proceed on the claims identified as cognizable. Thus, no further leave to amend is warranted here.

For these reasons, IT IS HEREBY RECOMMENDED that Defendants Chernekoff, Odeluga, and Kelso be dismissed from this action for Plaintiff's failure to state a claim against them for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 22, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE